

# IN THE
## TENTH COURT OF APPEALS

### No. 10-14-00219-CR
### No. 10-14-00220-CR

## EX PARTE DARRICK EDWARD ROSS

### From the 278th District Court
### Walker County, Texas
### Trial Court Nos. 26383 and 26619

## MEMORANDUM OPINION

In appellate cause numbers 10-14-00219-CR and 10-14-00220-CR, appellant, Darrick Ross, entered open pleas of guilt to two instances of aggravated robbery, both first-degree felonies. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant stipulated to the evidence, including evidence of his usage of a firearm, in both cases. The trial court subsequently found appellant guilty of the charged offenses, made deadly-weapon findings, and sentenced appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice in both cases. The imposed sentences were ordered to run concurrently. Thereafter, the trial court

certified appellant's right of appeal in both cases. Appellant appeals, and we affirm in both cases.

## I. *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed briefs and motions to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal in both cases. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgments. Counsel has informed this Court that, for both cases, he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the

record and to file a pro se response.[1]  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  Appellant has filed a pro se response in both cases.[2]  *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record, counsel's brief, and appellant's pro se response in both cases and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, the judgments of the trial court are affirmed.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Nowhere in the record or in the documents received by the Court does appellant suggest that he wants or sought the record but was unable to obtain it.  *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                    AL SCOGGINS
                                    Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 9, 2015
Do not publish
[CRPM]

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

